

FILED
7/29/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAYMOND I. AIGBEKAEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-01884 (UNA) |
| | ) | |
| DONALD J. TRUMP, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application for leave to proceed *in forma pauperis* ("IFP") and *pro se* civil complaint. The court will grant the IFP application and dismiss the complaint without prejudice for failure to comply with Fed. R. Civ. P. 8(a) and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to

determine whether the doctrine of *res judicata* applies.  *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a federal inmate designated to FCI Fort Dix, sues the President of the United States, the United States Attorney General, and the Director of the Federal Bureau of Prisons.  He seeks "retrospective and prospective declaratory relief as well as injunctive relief."  Plaintiff sporadically cites to various federal authorities, including the Fifth and Eighth Amendments, the Equal Protection Act, the First Step Act, the CARES ACT, RICO, and the Walsh–Healey Public Contracts Act.  Plaintiff's actual intended causes of action and claimed damages, however, are ambiguous.  The complaint is founded in plaintiff's apparent disapproval, for myriad reasons, of the current President of the United States, and his administration and its policies.

Plaintiff's alleged harms appear to be "generalized grievances" purportedly "shared in substantially equal measure by . . . large class of citizens[,]" and "that harm alone normally does not warrant exercise of jurisdiction."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  Further, the ambiguous allegations composing the complaint fail to provide adequate notice of any other viable claim pursuant to the standard set by Fed. R. Civ. P. 8(a).  The pleading also fails to set forth allegations with respect to this court's jurisdiction, or a valid basis for an award of damages.  Therefore, this case will be dismissed.  A separate order accompanies this memorandum opinion.


DATE: July 29, 2020               _____/s/_____
                                  JAMES E. BOASBERG
                                  United States District Judge